LETTEA MILLER, Plaintiff, v. FRANCIS MIHM, Defendant.— Submitted controversy determined in favor of the plaintiff, with costs. Memorandum: In reaching the conclusion that the plaintiff has a marketable title to the premises described in the warranty deed which she has tendered to the defendant, we apply the provisions of chapter 559 of the Laws of 1902. Section 10 of that enactment provides a Statute of Limitations which, when applied to the stipulated facts before us, prevents, after a reasonable period of time, any prior grantee or others interested in the land or a portion thereof, from asserting a right to question the validity of the tax title upon which plaintiff's title depends.   (*Dunkum* v. *Maceck Bldg. Corp.*, 256 N. Y. 275, 285; *Robbins* v. *Abrew*, 275 id. 233, 237.)   All concur. (Submission of a controversy in an action to compel specific performance of a contract to purchase realty.)   Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

ANNA K. SCHNEIDER, Respondent, v. RAPLEY P. MERRIMAN, Appellant.—Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event, upon the grounds that the finding of the jury — that plaintiff's injuries were caused by the negligence of the defendant — is against the weight of the evidence and that the admission of testimony, over defendant's objection and exception, in respect to the condition of defendant's premises more than two months after the occurrence of the accident — such condition, together with weather conditions, shown to have been dissimilar to those existing at the time of plaintiff's accident — constituted error which requires reversal of the judgment. All concur. (The judgment is for plaintiff in an action for damages for personal injuries sustained by reason of falling on ice at the entrance to a theatre. The order denies a motion for a new trial.)   Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

In the Matter of the Estate of CARL H. LOFGREN, an Incompetent Person.— Order so far as appealed from reversed on the law, with costs payable out of the estate of the incompetent, and matter remitted to the Special Term to modify decree by removing the surcharges therefrom. Memorandum: The investments here in question were legal investments.   (*Matter of Smith*, 279 N. Y. 479; *Matter of Farina*, Id. 780.)   All concur. (The portion of the order appealed from upholds the constitutionality of section 1384-l of the Civil Practice Act and holds that petitioner violated his authority under that section in investing funds of an incompetent in part of a mortgage instead of the whole thereof.)   Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.